IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00194-BNB

ANTOINE BRUCE,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Antoine Bruce, is a prisoner in the custody of the United States Bureau of Prisons, who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    Applicant asserts that he is severely mentally ill and that since 2005 his due process rights have been violated because prison staff has failed to conduct a mental evaluation pursuant to 28 C.F.R. § 541.6 in each of his disciplinary proceedings. Applicant has attached a twenty-seven page Chronological Disciplinary Record that lists at least 362 incident reports that have been filed against him since 2005. *See* Application, (ECF No. 1), at 10-37. The Court has reviewed several pages of the Disciplinary Record and finds that not all reports resulted in the forfeiture or

disallowance of good conduct time.

This Court reviews the Application under "the power inherent in every court to control of the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is unreasonable that this Court should consider the 362 disciplinary proceedings without further clarification by Applicant. *Id.*; *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984) (Courts have "inherent power . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings."). Applicant, therefore, will be ordered to file an Amended Application for the reasons stated below.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"I]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Applicant does not

allege that he was deprived of life or property at any of his disciplinary hearings. Therefore, he was entitled to procedural protections at the disciplinary hearings only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

To the extent the results of Applicant's disciplinary proceedings affected the execution or length of his sentence, he may have a liberty interest in the recalculation of his sentence, and he must be afforded the minimal safeguards provided for under the Due Process Clause of the Fourteenth Amendment. *Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (involving a federal inmate and violations of due process in his disciplinary proceeding) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996).

Not all of Applicant's disciplinary actions affected the execution or length of his sentence. A due process claim regarding these actions is subject to dismissal on the merits. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding to allow a denial on the merits even if a claim is unexhausted). Applicant, therefore, is directed to amend the Application and identify only the disciplinary proceedings that affected the forfeiture or disallowance of good conduct time. Applicant further is directed to identify the disciplinary actions by report number in the Application form, or attached pages, and state specifically how his due process rights were violated in each of the actions. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an

Amended Application that complies with the Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved form used in filing 28 U.S.C. § 2241 actions (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application, as directed above, the action will be dismissed without further notice.  It is

FURTHER ORDERED that Applicant's Motion for Leave to File in Excess of Thirty Pages, ECF No. 5, is denied as unnecessary in keeping with the Court's Local Rules.

DATED January 24, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge