IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00194-BNB

ANTOINE BRUCE,

    Applicant,

v.

D. BERKEBILE,

    Respondent.

---

ORDER

---

    This matter is before the Court on Plaintiff's Motion, ECF No. 9, requesting that the Court direct Respondent to "compel subordinates to cease hindering/obstructing Applicant from following (1-24-2014) court order to amend Application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and to provide Applicant with the court-approved form used in filing 28 U.S.C. § 2241 actions." Applicant asserts that he did not receive the Court's order directing him to amend until February 6, 2014, even though the order was dated January 24, 2014. He also asserts that he is denied (1) access to the law library and the computer system at the law library; (2) stamps, envelopes, pens, pencils, and paper; (3) his Chronological Disciplinary Report (CDR); and (4) the ability to communicate with his jailhouse attorney, Jeremy Pinson.

    Applicant's Motion will be denied in part for the following reasons. Applicant received the January 24, 2014 Order within thirteen days. Four of the days involved were Saturday and Sunday. Even though the time is beyond the five-day normal time for receipt of mail, the Court finds no extraordinary delay in Applicant's receipt of the January 24 Order. If Applicant requires additional time to amend due to the delay he

should request an extension of time, which he has failed to do.  Applicant also does not have a First Amendment right to a jailhouse attorney because he does not have an unrestricted right to associate with particular individuals while incarcerated.  *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) ("[F]reedom of association is among the rights least compatible with incarceration.").

Applicant's claim that he needs to submit his CDR with the Amended Application is unsupported.  Applicant is not required to submit the CDR; he only is required to identify those disciplinary proceedings by report number that affected the forfeiture of good conduct time and state specifically how his due process rights were violated in each of these actions.  Ord. File Am. Application, ECF No. 8, at 3.  When Applicant initiated this action he attached the CDR to the Application, Application, ECF No. 1, at 10-37, and he may obtain a photocopy of the twenty-eight page report from the Clerk of the Court at $.50 per page.  Applicant must pay the $14.00 charge in advance.

Finally, Applicant does not have a constitutional right to a prison law library or to the computer located in the library.  He also was able to access the Court through the filing of this action.

The alleged denial of the 28 U.S.C. § 2241 form by prison staff, however, will be addressed by the Court.  Respondent will be ordered to respond and state if and why Applicant's request for the § 2241 form was denied.  Accordingly, it is

ORDERED that the pending Motion, ECF No. 9, is denied in part and terminated in part based on the above findings and directives.  It is

FURTHER ORDERED that Respondent is directed to respond, within seven days of the date of this Order, and state why Applicant was denied his request for the 28 U.S.C. § 2241 form for use in filing an Amended Application in this action.  It is

FURTHER ORDERED that Respondent immediately provide to Applicant the 28

U.S.C. § 2241 form.  It is

FURTHER ORDERED that Applicant shall have an additional thirty days from the date Respondent responds to file an Amended Application.  If Applicant fails to file an Amended Application within the time allowed the action will be dismissed without further notice.

DATED February 24, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge