IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00194-BNB

ANTOINE BRUCE,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Antoine Bruce, is in the custody of the Federal Bureau of Prisons at ADX in Florence, Colorado. On January 23, 2014, Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that challenged the lack of a mental evaluation in all of his disciplinary proceedings since December 21, 2005. Magistrate Judge Boyd N. Boland granted Applicant leave to proceed pursuant to 28 U.S.C. § 1915 and entered an order on January 24, 2014, that directed him to file an Amended Application that (1) states the disciplinary proceedings in which he was disallowed good conduct time; (2) identifies each disciplinary action by a report number; and (3) alleges how his due process rights were violated in each disciplinary action.

    Applicant filed a motion, ECF No. 9, on February 12, 2014, requesting that the Court direct Respondent to compel staff to cease hindering and obstructing Applicant from amending the Application and to provide him with the Court-approved form used in

filing § 2241 actions. Applicant raises other issues in the February 12 Motion, including a delayed receipt of the Court's January 24 Order and denial of access to the law library and the computer at the law library, stamps, pens, pencils, paper, a Chronological Disciplinary Report, and the ability to communicate with Jeremy Pinson, Applicant's proclaimed jailhouse attorney. Magistrate Judge Boland entered an order, ECF No. 10, on February 24, 2014; found meritless all but the denial of forms issue; and directed Respondent to respond within seven days and state if and why Applicant's request for a § 2241 form was denied. Magistrate Judge Boland also directed Respondent to immediately provide Applicant with a form, gave Applicant thirty days from the date he received the form to file an Amended Application, and warned Applicant that if he failed to amend within the time allowed the action would be dismissed.

The United States Attorney responded to the Court's February 24 Order on behalf of Defendants. See ECF No. 15. Attached to the Response are two declarations, one provided by Ms. Amelia Weise and the other by Mr. Ben Brieschke. Resp., ECF No. 15-1 and 2, Exs. 1 and 2. Ms. Weise states that she is a legal assistant at the United States Department of Justice, Federal Bureau of Prisons, in Florence, Colorado. She further attests that she mailed several court forms to Applicant on January 30, 2014, including: (1) a 28 U.S.C. § 2241 form and instructions; (2) a prisoner complaint form and instructions; (3) a 28 U.S.C. § 1915 motion and affidavit form; and (4) a 28 U.S.C. § 1915 motion and affidavit form for appeal of a habeas action. Ms. Weise also attests that she received a written request on February 10, 2014, authored by Applicant, wherein he states "[r]eceived the forms! 2241's, Bivens, court instructions." See Ex. 1 at 3 and 6. Then, on February 24, 2014, after Applicant complained that he had not received the forms, Ms. Weise attests that she sent more forms electronically to

the duty Lieutenant for delivery to Applicant. *Id.* at 3.

Mr. Brieschke states that he is a Senior Attorney Advisor at the United States Department of Justice, Federal Bureau of Prisons, in Florence, Colorado. Mr. Brieschke attests that on March 11, 2014, pursuant to the Court's February 24, 2014 Order, he personally delivered one § 2241 application form and instructions for filling a § 2241 action to Applicant. Ex. 2 at 3. Since Applicant received the § 2241 form on March 11, 2014, he now has failed to submit an Amended Application to the Court within the time allowed.

The Court agrees with Magistrate Judge Boland that it is unreasonable for the Court to consider 362 disciplinary proceedings without further clarification by Applicant. The Court also acknowledges Applicant's alleged disabilities. But Applicant's disabilities may not excuse frivolous filings or untrue allegations. Applicant complained to this Court that prison staff was denying his requests for or access to § 2241 forms, which he needs to file an Amended Application in this case. Upon further inquiry by Magistrate Judge Boland, it was determined that Applicant had been provided forms on several occasions and even acknowledged the receipt of the forms. Because Applicant does not deny Respondent's assertion that he did receive the necessary court forms, the Court finds he has stated false allegations to the Court. Applicant, therefore, is warned that if in the future he asserts false allegations to the Court he will be subject to filing restrictions in this Court.

Based on the above findings, the Court will dismiss this action for failure to comply with a Court order to file an Amended Application.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file an Amended Application and for failure to prosecute.

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.

DATED at Denver, Colorado, this  22nd  day of     April           , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court